IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LEE GRIER SCRUGGS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.** |
| ) | **2:13-cv-0047-AKK** |
| **CAROLYN W. COLVIN,** ) | |
| **Acting Commissioner of Social** ) | |
| **Security,** ) | |
| ) | |
| **Defendant.** | |

### MEMORANDUM OPINION

Plaintiff Lee Grier Scruggs ("Scruggs") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the Administrative Law Judge's ("ALJ") decision - which has become the decision of the Commissioner - is supported by substantial evidence. Therefore, for the reasons elaborated herein, the court will affirm the decision denying benefits.

### I.  Procedural History

Scruggs, whose past relevant experience includes work as an automotive technician, filed an application for Title II disability insurance benefits and Title

XVI Supplemental Security Income on November 18, 2009, alleging a disability onset date of July 23, 2009, due to back, neck and shoulder pain. (R. 26, 144). After the SSA denied Scruggs' claim, he requested a hearing before an ALJ. (R. 84-85). The ALJ subsequently denied Scruggs' claim, (R. 23-34), which became the final decision of the Commissioner when the Appeals Council refused to grant review. (R. 1-6). Scruggs then filed this action for judicial review pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). Doc. 1.

## II. Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. § 405(g) mandates that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id*. (citing

*Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).  Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted).  If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings.  *See Martin*, 894 F.2d at 1529.  While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance."  *Lamb*, 847 F.2d at 701.

### III.  Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by

medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g). Specifically, the Commissioner must determine in sequence:

(1) whether the claimant is currently unemployed;

(2) whether the claimant has a severe impairment;

(3) whether the impairment meets or equals one listed by the Secretary;

(4) whether the claimant is unable to perform his or her past work; and

(5) whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (citing 20 C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

Lastly, where, as here, a plaintiff alleges disability because of pain, he must meet additional criteria. In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." *Holt v. Barnhart*, 921 F.2d 1221, 1223 (11th Cir. 1991). Specifically,

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.[1]

*Id*. However, medical evidence of pain itself, or of its intensity, is not required:

> While both the regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, *neither requires objective proof of the pain itself*. Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the *Hand* standard *a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself*. *See* 20 CFR §§ 404.1529 and 416.929; *Hale* [*v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)].

*Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical information omitted) (emphasis added). Moreover, "[a] claimant's subjective

---

[1] This standard is referred to as the *Hand* standard, named after *Hand v. Heckler*, 761 F.2d 1545, 1548 (11th Cir. 1985).

5

testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Holt*, 921 F.2d at 1223. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, the ALJ must find a disability unless the ALJ properly discredits the claimant's testimony.

Furthermore, when the ALJ fails to credit a claimant's pain testimony, the ALJ must articulate reasons for that decision:

> It is established in this circuit that if the [ALJ] fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the [ALJ], as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the [ALJ] be supported by substantial evidence.

*Hale*, 831 F.2d at 1012. Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if the ALJ's reasons are not supported by substantial evidence, the court must accept as true the pain testimony of the plaintiff and render a finding of disability. *Id.*

## IV. The ALJ's Decision

In performing the five step analysis, the ALJ found that Scruggs had not engaged in substantial gainful activity since July 23, 2009, and, therefore, met Step One. (R. 28). Next, the ALJ found that Scruggs satisfied Step Two because he suffered from the severe impairments of a "history of cervical

trauma status post accident in 2002." *Id*. The ALJ then proceeded to the next step and found that Scruggs failed to satisfy Step Three because he "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." (R. 29). Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded to Step Four where he determined that Scruggs has the residual functional capacity (RFC) to perform

> light work as defined in 20 CFR 404.1567(b) and 416.967(b) except [Scruggs] can lift and carry twenty pounds occasionally and ten pounds frequently; [Scruggs] can stand, walk, and sit for approximately six hours in an eight hour day; [Scruggs] should avoid concentrated exposure to cold, heat, dusts, gasses, odor, chemicals and vibrations; [Scruggs] should avoid exposure to unprotected heights or dangerous moving equipment; [Scruggs] can never climb ladders, ropes, or scaffolds; [Scruggs] can frequently balance, stoop, kneel, crouch, crawl; [Scruggs] can frequently climb ramps and stairs; and [Scruggs] can generally reach in all directions except overhead with the right upper extremity.

(R. 30). In light of his RFC, the ALJ held that Scruggs "is unable to perform any past relevant work." (R. 32). Lastly, in Step Five, the ALJ considered Scruggs' age, education, work experience,[2] and RFC, and determined "there are

---

[2] As of the date of the ALJ's decision, Scruggs was 47 years old, had at least a high school education, and past relevant medium work as an automotive technician. (R. 33, 57).

jobs existing in significant numbers in the national economy" that Scruggs can perform. (R. 33). Therefore, the ALJ found that Scruggs "has not been under a disability, as defined in the Social Security Act, from July 23, 2009, through the date of this decision." (R. 34).

## V.  Analysis

The court now turns to Scruggs' contentions that the ALJ failed to properly evaluate (1) the medical evidence from the consultative physical examiner; and (2) Scruggs' pain testimony. *See* doc. 8 at 6-11. The court addresses each contention in turn.

### A.     The Consultative Examiner's Report

Scruggs contends the ALJ improperly discounted the opinion of Dr. M. Scott Touger, who examined Scruggs at the request of the SSA, that Scruggs "has symptoms that sound like he may have a stenosis of the nerve roots." (R. 219). According to Scruggs, "the clear indication from Dr. Touger is that [Scruggs] has debilitating pain which would preclude any work-related activities." Doc. 8 at 7-8. During the relevant examination, Scruggs reported to Dr. Touger that his troubles began in 2002 when the trunk of a tree rolled over him, and that his pain medication makes him unable to concentrate or remember things. (R. 217). Although Scruggs reported that he was unable to bend over,

Dr. Touger found Scruggs had full range of motion in his shoulders, elbows, wrists, fingers, hips, knees, ankles, and lumbar spine. (R. 217-18). Dr. Touger also found Scruggs' sensation was intact, and that his dexterity and muscle strength was normal in all areas. (R. 218, 221). However, Dr. Touger found the range of motion in Scruggs' cervical spine was reduced, and produced significant pain with rotation, particularly to the right. *Id.* Dr. Touger noted that x-rays showed "what may be a mild compression fracture of the C5 vertebral body," with "decreased disc space at C5-6 with some anterior spurring at the anterior inferior portion of the C5 vertebrae." (R. 219). Based on his examination, Dr. Touger made the following diagnostic impression:

> History of trauma in 2002 particularly to the neck. He has symptoms that sound like he may have a stenosis of the nerve roots. Copies of his MRI reports that were done several years ago may be of some help as plain x-rays do not show soft tissue as you know. These should be easily obtainable at Greystone Imaging.

*Id.* Scruggs contends that this diagnostic impression establishes his disability and that the ALJ erred by discounting Dr. Touger's opinions. The court disagrees because substantial evidence supports the ALJ's decision.

As a nontreating physician, Dr. Touger's opinions are not entitled to controlling weight under 20 C.F.R. § 404.1527(c)(2). Consequently, the ALJ had to consider several factors to determine the weight, if any, to give Dr.

Touger's opinions. These factors include whether Dr. Touger presented medical evidence and provided an explanation to support his opinion, and whether his opinion is consistent with the record as a whole. *See* 20 C.F.R. § 416.1527(c). Moreover, the ALJ "may reject the opinion of any physician when the evidence supports a contrary conclusion." *Bloodworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir. 1983). Indeed, even a treating physician's opinions, which are entitled to more deference than those of Dr. Touger, may be rejected if the ALJ has "good cause." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The ALJ considered these factors and found Dr. Tougher's opinions "to be of some weight as to the physical findings of [Scruggs'] limitations." (R. 32). However, the ALJ found that "Dr. Touger's opinion that [Scruggs] could have stenosis of the nerve roots to be of no weight because Dr. Touger did not have the medical imaging to support such a diagnosis." *Id.* The ALJ had good cause to give no weight to this opinion because an ALJ may properly reject a physician's opinion that "appears to be based primarily on [a claimant's] subjective complaints of pain." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004). This is especially true here because Dr. Touger explicitly recognized that he did not have access to MRI reports that would be necessary to make a proper diagnosis. (R. 219). This lack of diagnostic testing

supporting Dr. Touger's opinion provides good cause for rejecting the opinion. *See Crawford*, 363 F.3d at 1159 ( good cause exists if the opinion is "unsupported by the medical evidence"). Accordingly, because the ALJ articulated good reasons–all of which are supported by substantial evidence–for giving no weight to Dr. Touger's opinion, there is no reversible error.

    B.    The ALJ's Evaluation of Scruggs' Pain

Scruggs' final contention is that the ALJ would have found him disabled if the ALJ had properly considered Scruggs' pain. Doc. 8 at 11. In considering Scruggs' subjective symptoms, the ALJ first found that Scruggs' "medically determinable impairments could reasonably be expected to cause [his] alleged symptoms," (R. 32), and, therefore, that Scruggs met the requirements of the pain standard in this circuit. *See* Section III, *supra*. However, the ALJ found Scruggs' allegations of disabling symptoms were not fully credible. (R. 32). It is this determination that Scruggs challenges, and in light of his appeal, this court must review the ALJ's finding to determine if it is supported by substantial evidence.

In considering Scruggs' testimony, the ALJ systematically discussed the factors relevant to his credibility finding. First, the ALJ noted that Dr. Touger found a full range of motion in all areas except the cervical spine, and that this

contradicts Scruggs' testimony that he cannot bend over or raise his arm over his head. (R. 31). Reliance on a report showing normal range of motion to assess credibility is proper. *See Powell v. Comm'r of Soc. Sec.*, ___ F. App'x___, 2014 WL 3377650 at *2 (11th Cir. 2014). Second, consistent with the regulations,[3] the ALJ considered "the type, dosage, effectiveness, adverse side effects of any medication," and any "other measures used to relieve pain or other symptoms," and observed that Scruggs testified that he takes Lortab 7.5 mg daily, lies down up to thirty minutes a day, and that his medications cause memory problems. (R. 31). Third, as required by the regulations,[4] the ALJ considered Scruggs' "daily activities and any other factors concerning [Scruggs'] functional limitations and restrictions due to pain." In making this assessment, the ALJ found that Scruggs "described daily activities which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations." (R. 32). The ALJ noted that Scruggs testified that he "leaves his house daily, drives a car to visit his parents and gets together with friends," that he "is able to do all his grocery shopping and his laundry," and "has successfully lived on his own for a number of years." *Id.* The ALJ

---

[3] 20 C.F.R. § 404.1529(c)(3)(iv), (vi).

[4] 20 C.F.R. § 404.1529(c)(3)(i), (vii).

properly considered these activities in accordance with the law of this circuit to find Scruggs' testimony was not fully credible. *See Harwell v. Heckler*, 735 F.2d 1292, 1293 (11th Cir. 1984); *Powell*, 2014 WL 3377650 at *2. Fourth, because the ALJ was obligated to consider inconsistencies between Scruggs' statements and the rest of the evidence,[5] the ALJ properly found that Scruggs' testimony of concentration problems was inconsistent with his testimony that he watched, on average, three hours of television at night. (R. 32). Finally, after considering all these factors, the ALJ reasonably found that Scruggs' allegations were not credible to the extent they were inconsistent with his RFC assessment. *Id*.

Ultimately, based on this record, Scruggs has failed to show that the ALJ erred in failing to credit his testimony of disabling pain. In fact, the ALJ articulated specific reasons for discounting Scruggs' testimony of disabling symptoms–all of which are supported by substantial evidence. Moreover, even though the ALJ did not credit Scruggs' testimony of disabling symptoms, he recognized that Scruggs had some limitations as reflected in his RFC for a reduced range of light work that included a restriction on overhead reaching with the right upper extremity. (R. 30). Therefore, based on this record, the

---

[5] 20 C.F.R. § 404.1529(c)(4).

court finds that substantial evidence supports the ALJ's determination that these restrictions account for Scruggs' symptoms. Accordingly, because this court does not reweigh the evidence, there is no reversible error in the ALJ's credibility finding.

## VI. Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Scruggs is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination. Therefore, the Commissioner's final decision is **AFFIRMED**. A separate order in accordance with the memorandum of decision will be entered.

Done the 18th day of August, 2014.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE